**U. S. Department of Justice**

*United States Attorney*
*Eastern District of Texas*

---

*660 North Central Expressway, Suite 400*
*Plano, Texas 75074-6749*

*Commercial/FTS*
*(972) 509-1201*
*Fax (972) 509-1209*

November 23, 2004

**Federal Express Tracking # 792785528737**

Charles R. Fulbruge, III
Clerk
U.S. Court of Appeals
600 Camp Street
New Orleans, Louisiana 70130

Re:     United States v. Joseph Franklin Smith, No. 02-40717

Dear Mr. Fulbruge:

Enclosed for filing is the original and three copies of the United States' Motion to Dismiss Appeal or, in the Alternative, Motion for Extension of Time to File Appellee's Brief in the above-referenced case.

Thank you for your prompt attention to this matter.

Sincerely,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Tracey M. Batson
Assistant U.S. Attorney

TMB/bs
Enc.
cc:     Ms. Jani J. Maselli
        Attorney for Appellant
        808 Travis Street, 24th Floor
        Houston, Texas 77002

# No. 02-40717

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**
NOV 2 4 2004

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,
Plaintiff -Appellee,

v.

JOSEPH FRANKLIN SMITH,
Defendant-Appellant.

U.S. COURT OF APPEALS
RECEIVED
NOV 2 4 2004
NEW ORLEANS, LA.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

## GOVERNMENT'S MOTION TO DISMISS APPEAL
## OR, IN THE ALTERNATIVE, MOTION FOR
## EXTENSION OF TIME TO FILE APPELLEE'S BRIEF

The United States of America moves the Court to dismiss the appeal of

Joseph Franklin Smith (Smith) or, in the alternative, to extend the time in which to

file Appellee's brief until twenty (20) days after the Court's ruling on said motion

to dismiss. For cause, the government respectfully shows the following:

### I. Facts and Proceedings

On February 8, 2001, Smith and two co-defendants, Derrick Ardoin Wright

and Korey Jawain Jackson (Jackson), were indicted by a federal grand jury in the

Eastern District of Texas. Count I charged the three with conspiracy to unlawfully obstruct and delay commerce by robbery, in violation of 18 U.S.C. § 371. Count II charged them with interference of commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2. Count III charged them with using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. (1R. 1-6).[1] Smith was charged with the additional offenses of carjacking and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c), in Counts IV and V of the indictment. (1R. 1-6).

Counts IV and V were severed before trial so that Smith would be tried separately for those crimes. (4R. 4). Smith and co-defendant Jackson were tried first on Counts I-III. (1R. 78). On August 31, 2001, a jury convicted both defendants on all three counts.[2] (1R. 109-110).

On November 26, 2001, Smith pleaded guilty to Count V of the indictment, which alleged a violation of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (1R. 130-32). The plea was entered pursuant to a written plea agreement that provided for a term of imprisonment of not less than

---

[1] References to the Record on Appeal are designated by the number of the record volume assigned by the Clerk of this Court followed by "R" and the pertinent page number(s).

[2] Jackson's conviction was affirmed in an unpublished decision by a panel of this Court on November 12, 2002. United States v. Jackson, No. 02-40715 (5th Cir. November 12, 2002) (copy attached as Attachment A pursuant to 5th Cir. R. 47.5.4).

25 years. (1R. 130). The written agreement also contained the following waiver of appeal:

> With the exception of Sentencing Guidelines determinations, Defendant waives any appeal, including collateral appeal under 28 U.S.C. § 2255, of any error which may occur surrounding substance, procedure, or form of the conviction and sentencing in this case.

(1R. 131).

During Smith's plea hearing, Smith was questioned by the court regarding the waiver and agreed that it applied to Counts I, II, III, and V. (9R. 9-10). Smith, thus, waived all appellate issues related to all counts of conviction except for sentencing guideline determinations. (1 R. 131; 9R. 9-10).

On April 19, 2002, Smith was sentenced to 41 months' imprisonment for Counts I and II; 120 months' imprisonment for Count III, to be served consecutively to the sentence for Counts I and II; and 300 months' imprisonment for Count V, to be served consecutively to the sentences for all other counts. (1R. 140-147). Smith also received three years' supervised release for Counts I and II, five years' supervised release for Counts III and V, a $1,000.00 fine, and $400.00 in special assessments. (1R. 140-147). On April 26, 2002, Smith filed notice of appeal. (1R. 148). Although the appeal was dismissed initially, (1R. 150), it was later reinstated by this Court.

Despite his apparent understanding of the limitations on appeal in this case,

Smith raises an issue related to his conviction, rather than sentencing, in this

appeal. (Appellant's brief at 15-16).

## II. Motion to Dismiss

Smith specifically agreed not to appeal this matter "[w]ith the exception of

Sentencing Guidelines determinations." (1 R. 131; 9R. 9-10). Nevertheless, he

now challenges the sufficiency of the evidence supporting his convictions for

Counts I-III. Although Smith's brief acknowledges the appeal waiver, it does not

state any legal basis for his disregard of its provisions. (Appellant's brief at 15-

16). Smith and his trial counsel both signed the plea agreement and were both

present in district court when the appeal waiver was discussed. (1 R. 132; 9R. 9-

10). Smith expressly agreed with the district court's description of the waiver.

(9R. 10). He does not claim that the waiver was uninformed or involuntary.

Accordingly, the United States requests that this Court enforce the appeal

waiver contained in the plea agreement entered into between Smith and the

government and dismiss this appeal. See United States v. Capaldi, 134 F.3d 307,

308 (5th Cir. 1998); United States v. Dees, 125 F. 3d 261, 269 (5th Cir. 1997) (this

Court will enforce such waivers of appeal made as part of a plea bargaining

agreement); United States v. Melancon, 972 F. 2d 566, 567-68 (5th Cir. 1992).

- 4 -

### III. Conclusion

For the foregoing reasons, it is respectfully submitted that Smith's appeal in this matter is barred by his waiver of appeal and that this Court should enforce the plea agreement entered into by and between Smith and the United States. Therefore, the government moves the Court to dismiss this appeal. In the alternative, should this Court deny the government's motion to dismiss, the United States respectfully requests an additional twenty (20) days from the date of this Court's denial to file Appellee's brief.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

TRACEY M. BATSON
Assistant United States Attorney
660 N. Central Expressway, Ste. 400
Plano, Texas 75074
(972) 509-1201
Texas Bar No. 00784119

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, on this date I attempted to contact Jani J. Maselli,

Attorney for Appellant, by telephone to ascertain whether Smith opposes either the

motion to dismiss or the alternative motion for extension of time. According to

her receptionist, Ms. Maselli will be out of her office until Monday, November 29,

2004.

TRACEY M. BATSON
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served

upon Jani J. Maselli, Attorney for Appellant, by placement in the United States

Mail, postage prepaid and properly addressed, at 808 Travis Street, 24th Floor,

Houston, Texas 77002, on this _23ᴿᵈ_ day of November, 2004.

TRACEY M. BATSON
Assistant United States Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40715
Summary Calendar

U.S. COURT OF APPEALS
FILED
NOV 1 2 2002
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KOREY JAWAIN JACKSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-31-2
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Korey Jackson appeals his convictions of conspiracy to commit robbery and robbery under the Hobbs Act, 18 U.S.C. § 1951. He argues that there was insufficient evidence that his offense affected interstate commerce and that applying the aggregation principle to prove the interstate commerce element of a Hobbs Act offense is unconstitutional.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ATTACHMENT "A"

The restaurant manager's testimony that the restaurant obtains supplies from businesses out of state and that the restaurant closed early was sufficient to satisfy the interstate commerce element of Jackson's Hobbs Act violation. See United States v. Jennings, 195 F.3d 795, 800 (5th Cir. 1999); United States v. Hebert, 131 F.3d 514, 523-24 (5th Cir. 1997). Jackson's constitutional challenge to the application of the aggregation principle is without merit under current binding precedent of this court. See United States v. Ferguson, 211 F.3d 878, 885 (5th Cir.); United States v. Robinson, 119 F.3d 1205, 1212 (5th Cir. 1997).

AFFIRMED.